UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 11-CIV-61308-ZLOCH/ROSENBAUM

DWAYNE JONES

    Plaintiff,

vs.

CELEBRATION CRUISE LINE, LLC,
CELEBRATION CRUISE OPERATOR, INC., and
CELEBRATION CRUISE LINE MANAGEMENT LLC
d/b/a CELEBRATION CRUISE LINE

    Defendants.
_____/

### *AMENDED COMPLAINT*

COMES NOW the Plaintiff, DWAYNE JONES, and hereby sues the Defendants, CELEBRATION CRUISE LINE, LLC, CELEBRATION CRUISE OPERATOR, INC., and CELEBRATION CRUISE LINE MANAGEMENT, LLC d/b/a CELEBRATION CRUISE LINE, and allege as follows:

### *AS TO ALL COUNTS*

1. This is an action seeking damages that exceed $75,000.00, exclusive of costs, interest, and attorneys' fees, between a citizen of Canada and citizens or subjects of the state of Florida and the Commonwealth of the Bahamas. The Court has original jurisdiction over this action pursuant to *28 U.S.C. Sec. 1332*.

2. At all times material hereto, Plaintiff, DWAYNE JONES, was and is a Canadian citizen who was a resident of and was domiciled in Ontario, Canada.

3. At all times material hereto, the Defendant, CELEBRATION CRUISE LINE, LLC, was and is a Florida limited liability company with its principal place of business in Fort Lauderdale, Broward County, Florida. Defendant CELEBRATION CRUISE LINE, LLC is authorized to conduct and is conducting business in the State of Florida.

4. At all times material hereto, the Defendant, CELEBRATION CRUISE OPERATOR, INC., was and is a for-profit, foreign corporation, incorporated in the Commonwealth of the Bahamas, with its principal place of business in Fort Lauderdale, Broward County, Florida. Defendant CELEBRATION CRUISE OPERATOR, INC. is authorized to conduct and is conducting business in the State of Florida.

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

5. At all times material hereto, the Defendant, CELEBRATION CRUISE LINE MANAGEMENT, LLC d/b/a CELEBRATION CRUISE LINE, is a Florida limited liability company with its principal place of business in Fort Lauderdale, Broward County, Florida. Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC is authorized to conduct and is conducting business in the State of Florida.

6. Venue of this proceeding is proper in the Southern District of Florida because the passenger ticket contract between the Plaintiff, DWAYNE JONES, and CELEBRATION CRUISE LINE, LLC, and/or CELEBRATION CRUISE OPERATOR, INC., and/or CELEBRATION CRUISE LINE MANAGEMENT, LLC, contains a forum selection clause selecting the United States District Court for the Southern District of Florida as the forum and venue for any action brought against the Defendants.

7. All conditions precedent to bringing this action have been satisfied, occurred, or waived.

8. At all times material hereto, the Defendants CELEBRATION CRUISE LINE, LLC, CELEBRATION CRUISE OPERATOR, INC., and/or CELEBRATION CRUISE LINE MANAGEMENT, LLC, own and operate cruise ships out of Florida ports, and were and are engaged in the business of providing cruise ship excursions to paying passengers.

### *COUNT I – NEGLIGENCE*
### *As to Defendant, Celebration Cruise Line, LLC*

9. On or about July 7, 2010, the Plaintiff, DWAYNE JONES, boarded the vessel Bahamas Celebration for a voyage to the Bahamas.

10. At all times material hereto, the Defendants, CELEBRATION CRUISE LINE, LLC, by and through its agents, servants, and/or employees, did own, operate, manage, maintain, and/or control the cruise vessel "Bahamas Celebration" and all of its parts, equipment, and machinery, for the benefit use and enjoyment of passengers of the Bahamas Celebration.

11. Upon boarding the vessel Bahamas Celebration, Dwayne Jones was assigned Cabin 7310.

12. At all times material hereto, the Defendant, CELEBRATION CRUISE LINE, LLC, was under a duty to operate, manage, maintain, and/or control the vessel Bahamas Celebration including Cabin 7310 and all of its parts, equipment, and machinery, in a reasonably safe condition for passengers on board the vessel including Dwayne Jones.

13. On or about July 7, 2010, the Plaintiff, Dwayne Jones, entered Cabin 7310 and was caused to suffer severe and permanent injuries when the air conditioning vent which was not properly and/or securely affixed to the ceiling of Cabin 7310 unexpectedly and suddenly fell striking Dwayne Jones in the head and causing him to collapse and strike his head and back.

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

14. The fact that the air conditioning vent was not properly and/or securely affixed to the ceiling of Cabin 7310 constituted a dangerous condition for those passengers entering Room 7310, including DWAYNE JONES.

15. At the aforementioned time and place, the Defendant, CELEBRATION CRUISE LINE LLC, by and through its agents, servants and/or employees, breached its duty owed to the Plaintiff, DWAYNE JONES, by committing one or more of the following negligent acts of commission and/or omission which directly and proximately caused the Plaintiff's injuries:

      a. Negligently and carelessly failed to maintain, control, and/or operate the Bahamas Celebration in a reasonably safe condition for the use of passengers aboard the vessel, including Dwayne Jones;

      b. Negligently and carelessly maintained, controlled, and/or operated Cabin 7310 aboard the vessel Bahamas Celebration, including all of its parts, equipment, and machinery, specifically the air conditioning vent, in a reasonably safe condition for the use by the Plaintiff and his family;

      c. Negligently and carelessly permitted the Plaintiff to enter Cabin 7310 without exercising reasonable care for the protection and safety of the Plaintiff and/or his family;

      d. Negligently and carelessly failed to exercise reasonable diligence to discover and/or remedy the unreasonable and/or dangerous condition as aforedescribed.

      e. Negligently and carelessly failed to give the Plaintiff timely notice and/or warning of the dangerous condition, which the Defendant knew or should have known existed by the exercise of reasonable care.

      f. Negligently and carelessly maintained, controlled and/or created said dangerous condition and failed to warn the Plaintiff and his family of same;

      g. Negligently and carelessly maintained, controlled and operated said premises with the knowledge of the creation and existence of said dangerous condition and failed to warn the Plaintiff and his family of same;

      h. Negligently and carelessly maintained, controlled and operated said premises when the Defendant knew, or by the exercise of reasonable care, should have known that said condition constituted an unreasonable risk of danger and exposed the Plaintiff and his family to said unreasonable risk of danger.

      I. Negligently and carelessly permitted the air conditioning vent to not be securely fastened to the ceiling when the Defendant knew, or by the exercise of reasonable care, should have known that passengers, including DWAYNE JONES would be occupying Cabin 7310, and that such failure to maintain and/or secure the air conditioning vent constituted an unreasonable risk of danger and exposed the

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

Plaintiff to said unreasonable risk of danger;

       j.    Negligently and carelessly failed to correct the dangerous condition although said Defendant knew, or by the exercise of reasonable care should have known that said dangerous condition constituted an unreasonable risk of danger and exposed the Plaintiff to same;

       k.    Negligently and carelessly failed to discover the aforedescribed condition when a reasonable inspection would have disclosed that the air conditioning vent was not securely and/or appropriately fastened to the ceiling;

16.    As a direct and proximate result of the negligence of Defendant, the Plaintiff, DWAYNE JONES, sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings and/or impairment of earning capacity, disfigurement and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses in the future.

### COUNT II – NEGLIGENCE
### As to Defendant, Celebration Cruise Operator, Inc.

17.    On or about July 7, 2010, the Plaintiff, DWAYNE JONES, boarded the vessel Bahamas Celebration for a voyage to the Bahamas.

18.    At all times material hereto, the Defendants, CELEBRATION CRUISE OPERATOR, INC., by and through its agents, servants, and/or employees, did own, operate, manage, maintain, and/or control the cruise vessel "Bahamas Celebration" and all of its parts, equipment, and machinery, for the benefit use and enjoyment of passengers of the Bahamas Celebration.

19.    Upon boarding the vessel Bahamas Celebration, Dwayne Jones was assigned Cabin 7310.

20.    At all times material hereto, the Defendant, CELEBRATION CRUISE OPERATOR, INC., was under a duty to operate, manage, maintain, and/or control the vessel Bahamas Celebration including Cabin 7310 and all of its parts, equipment, and machinery, in a reasonably safe condition for passengers on board the vessel including Dwayne Jones.

21.    On or about July 7, 2010, the Plaintiff, Dwayne Jones, entered Cabin 7310 and was caused to suffer severe and permanent injuries when the air conditioning vent which was not properly and/or securely affixed to the ceiling of Cabin 7310 unexpectedly and suddenly fell striking Dwayne Jones in the head and causing him to collapse and strike his head and back.

22.    The fact that the air conditioning vent was not properly and/or securely affixed to the ceiling of Cabin 7310 constituted a dangerous condition for those passengers entering Room 7310, including

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

DWAYNE JONES.

23. At the aforementioned time and place, the Defendant, CELEBRATION CRUISE OPERATOR, INC., by and through its agents, servants and/or employees, breached its duty owed to the Plaintiff, DWAYNE JONES, by committing one or more of the following negligent acts of commission and/or omission which directly and proximately caused the Plaintiff's injuries:

  a. Negligently and carelessly failed to maintain, control, and/or operate the Bahamas Celebration in a reasonably safe condition for the use of passengers aboard the vessel, including Dwayne Jones;

  b. Negligently and carelessly maintained, controlled, and/or operated Cabin 7310 aboard the vessel Bahamas Celebration, including all of its parts, equipment, and machinery, specifically the air conditioning vent, in a reasonably safe condition for the use by the Plaintiff and his family;

  c. Negligently and carelessly permitted the Plaintiff to enter Cabin 7310 without exercising reasonable care for the protection and safety of the Plaintiff and/or his family;

  d. Negligently and carelessly failed to exercise reasonable diligence to discover and/or remedy the unreasonable and/or dangerous condition as aforedescribed.

  e. Negligently and carelessly failed to give the Plaintiff timely notice and/or warning of the dangerous condition, which the Defendant knew or should have known existed by the exercise of reasonable care.

  f. Negligently and carelessly maintained, controlled and/or created said dangerous condition and failed to warn the Plaintiff and his family of same;

  g. Negligently and carelessly maintained, controlled and operated said premises with the knowledge of the creation and existence of said dangerous condition and failed to warn the Plaintiff and his family of same;

  h. Negligently and carelessly maintained, controlled and operated said premises when the Defendant knew, or by the exercise of reasonable care, should have known that said condition constituted an unreasonable risk of danger and exposed the Plaintiff and his family to said unreasonable risk of danger.

  I. Negligently and carelessly permitted the air conditioning vent to not be securely fastened to the ceiling when the Defendant knew, or by the exercise of reasonable care, should have known that passengers, including DWAYNE JONES would be occupying Cabin 7310, and that such failure to maintain and/or secure the air conditioning vent constituted an unreasonable risk of danger and exposed the Plaintiff to said unreasonable risk of danger;

  j. Negligently and carelessly failed to correct the dangerous condition although said

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

Defendant knew, or by the exercise of reasonable care should have known that said dangerous condition constituted an unreasonable risk of danger and exposed the Plaintiff to same;

    k.    Negligently and carelessly failed to discover the aforedescribed condition when a reasonable inspection would have disclosed that the air conditioning vent was not securely and/or appropriately fastened to the ceiling;

24. As a direct and proximate result of the negligence of Defendant, the Plaintiff, DWAYNE JONES, sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings and/or impairment of earning capacity, disfigurement and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses in the future.

### COUNT III – NEGLIGENCE
### As to Defendant Celebration Cruise Line Management LLC
### d/b/a Celebration Cruise Line

25. On or about July 7, 2010, the Plaintiff, DWAYNE JONES, boarded the vessel Bahamas Celebration for a voyage to the Bahamas.

26. At all times material hereto, the Defendants, CELEBRATION CRUISE LINE MANAGEMENT, LLC d/b/a CELEBRATION CRUISE LINE, by and through its agents, servants, and/or employees, did own, operate, manage, maintain, and/or control the cruise vessel "Bahamas Celebration" and all of its parts, equipment, and machinery, for the benefit use and enjoyment of passengers of the Bahamas Celebration.

27. Upon boarding the vessel Bahamas Celebration, Dwayne Jones was assigned Cabin 7310.

28. At all times material hereto, the Defendant, CELEBRATION CRUISE LINE MANAGEMENT, LLC d/b/a CELEBRATION CRUISE LINE, was under a duty to operate, manage, maintain, and/or control the vessel Bahamas Celebration including Cabin 7310 and all of its parts, equipment, and machinery, in a reasonably safe condition for passengers on board the vessel including Dwayne Jones.

29. On or about July 7, 2010, the Plaintiff, Dwayne Jones, entered Cabin 7310 and was caused to suffer severe and permanent injuries when the air conditioning vent which was not properly and/or securely affixed to the ceiling of Cabin 7310 unexpectedly and suddenly fell striking Dwayne Jones in the head and causing him to collapse and strike his head and back.

30. The fact that the air conditioning vent was not properly and/or securely affixed to the ceiling

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

of Cabin 7310 constituted a dangerous condition for those passengers entering Room 7310, including DWAYNE JONES.

31. At the aforementioned time and place, the Defendant, CELEBRATION CRUISE LINE MANAGEMENT, LLC d/b/a CELEBRATION CRUISE LINE, by and through its agents, servants and/or employees, breached its duty owed to the Plaintiff, DWAYNE JONES, by committing one or more of the following negligent acts of commission and/or omission which directly and proximately caused the Plaintiff's injuries:

 a. Negligently and carelessly failed to maintain, control, and/or operate the Bahamas Celebration in a reasonably safe condition for the use of passengers aboard the vessel, including Dwayne Jones;

 b. Negligently and carelessly maintained, controlled, and/or operated Cabin 7310 aboard the vessel Bahamas Celebration, including all of its parts, equipment, and machinery, specifically the air conditioning vent, in a reasonably safe condition for the use by the Plaintiff and his family;

 c. Negligently and carelessly permitted the Plaintiff to enter Cabin 7310 without exercising reasonable care for the protection and safety of the Plaintiff and/or his family;

 d. Negligently and carelessly failed to exercise reasonable diligence to discover and/or remedy the unreasonable and/or dangerous condition as aforedescribed.

 e. Negligently and carelessly failed to give the Plaintiff timely notice and/or warning of the dangerous condition, which the Defendant knew or should have known existed by the exercise of reasonable care.

 f. Negligently and carelessly maintained, controlled and/or created said dangerous condition and failed to warn the Plaintiff and his family of same;

 g. Negligently and carelessly maintained, controlled and operated said premises with the knowledge of the creation and existence of said dangerous condition and failed to warn the Plaintiff and his family of same;

 h. Negligently and carelessly maintained, controlled and operated said premises when the Defendant knew, or by the exercise of reasonable care, should have known that said condition constituted an unreasonable risk of danger and exposed the Plaintiff and his family to said unreasonable risk of danger.

 I. Negligently and carelessly permitted the air conditioning vent to not be securely fastened to the ceiling when the Defendant knew, or by the exercise of reasonable care, should have known that passengers, including DWAYNE JONES would be occupying Cabin 7310, and that such failure to maintain and/or secure the air conditioning vent constituted an unreasonable risk of danger and exposed the

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

Plaintiff to said unreasonable risk of danger;

      j.    Negligently and carelessly failed to correct the dangerous condition although said Defendant knew, or by the exercise of reasonable care should have known that said dangerous condition constituted an unreasonable risk of danger and exposed the Plaintiff to same;

      k.    Negligently and carelessly failed to discover the aforedescribed condition when a reasonable inspection would have disclosed that the air conditioning vent was not securely and/or appropriately fastened to the ceiling;

32.    As a direct and proximate result of the negligence of Defendant, the Plaintiff, DWAYNE JONES, sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings and/or impairment of earning capacity, disfigurement and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, the Plaintiff, DWAYNE JONES, demands judgment against the Defendants, CELEBRATION CRUISE LINE, LLC, CELEBRATION CRUISE OPERATOR, INC., and CELEBRATION CRUISE LINE MANAGEMENT, LLC d/b/a CELEBRATION CRUISE LINE , for costs of this action, for prejudgment interest, for trial by jury and any other relief deemed just and appropriate by this Honorable Court.

Dated this 29th day of June, 2011.

By:     s/ Matthew E. Kaplan

Matthew E. Kaplan (FBN 519227)
mkaplan@kaplanfreedman.com
Kaplan and Freedman, P.A.
9410 S.W. 77 Avenue
Miami, Florida 33156-7903
Telephone:    (305) 274-7533
Facsimile:    (954) 763-1000
Attorneys for Plaintiff Dwayne Jones

8

**KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW**
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:11-CIV-61308-ZLOCH/ROSENBAUM

**CERTIFICATE OF SERVICE**

_____I hereby certify that on June 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on June 29, 2011, via U.S. Mail and facsimile to: Robert Oldershaw, Esq., Hamilton, Miller, & Birthisel, LLP, 150 Southeast 2nd Avenue, Ste. 200, Miami, Florida, 33313.

               s/ Matthew Kaplan
               Matthew E. Kaplan

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855