UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 11-61308-CIV-ZLOCH/ROSENBAUM

DWAYNE JONES,

    Plaintiff,

vs.

CELEBRATION CRUISE LINE, LLC,
CELEBRATION CRUISE OPERATOR,
INC., and CELEBRATION CRUISE
LINE MANAGEMENT LLC d/b/a
CELEBRATION CRUISE LINE,

    Defendants.
_____/

## **DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CELEBRATION CRUISE OPERATOR, INC. ("CELEBRATION"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of the United States District Court, hereby files its Answer and Affirmative Defenses to Plaintiff, DWAYNE JONES' Amended Complaint and in support thereof states as follows:

    1.    CELEBRATION denies the allegations contained in ¶1 and demands strict proof thereof.

    2.    CELEBRATION is without knowledge as to the truth or veracity of the allegations contained in ¶2 and therefore denies the allegations contained therein and demands strict proof thereof.

3. CELEBRATION denies the allegations contained in ¶3 and demands strict proof thereof.

4. For purposes of this litigation only, CELEBRATION admits the allegations contained in ¶4.

5. CELEBRATION denies the allegations contained in ¶5 and demands strict proof thereof.

6. For purposes of this litigation only, CELEBRATION admits only that pursuant to the forum selection clause contained in ¶12 of the Passenger Ticket Contract between Plaintiff and CELEBRATION CRUISE OPERATOR, INC., venue is proper in the United States District Court for the Southern District of Florida as to Celebration Cruise Operator, Inc., but denies the remaining allegations contained in ¶6 and demands strict proof thereof.

7. CELEBRATION denies the allegations contained in ¶7 and demands strict proof thereof.

8. For purposes of this litigation only, CELEBRATION admits only CELEBRATION CRUISE OPERATOR, INC., operates the Bahamas Celebration out of the Port of Palm Beach but denies the remaining allegations contained in ¶8 and demands strict proof thereof.

**COUNT I – NEGLIEGENCE**
*As to Defendant, Celebration Cruise Line, LLC.*

9.-16. CELEBRATION states that pursuant to an agreement with Plaintiff's Counsel Matthew Kaplan, Celebration Cruise Line, LLC and Celebration Cruise Line Management, LLC will be dismissed from this action so no answer is

necessary. Moreover, CELEBRATION states that ¶'s 16 through 19 are not directed towards this Defendant, therefore CELEBRATION makes no answers to ¶'s 16 through 19. However, to the extent that any allegations in ¶'s 16 through 19 can be construed as to be against CELEBRATION, CELEBRATION specifically denies those allegations, and demands strict proof thereof.

<u>**COUNT II – NEGLIEGENCE**</u>
*As to Defendant, Celebration Cruise Operator, Inc.*

17. For purposes of this litigation only, CELEBRATION admits the allegations contained in ¶17.

18. For purposes of this litigation only, CELEBRATION admits only that it operated, managed, maintained, and/or controlled the cruise vessel "Bahamas Celebration", and denies the remaining allegations contained in ¶18 and demands strict proof thereof.

19. CELEBRATION denies the allegations contained in ¶19 and demands strict proof thereof.

20. CELEBRATION denies the allegations contained in ¶20 and demands strict proof thereof.

21. CELEBRATION denies the allegations contained in ¶21 and demands strict proof thereof.

22. CELEBRATION denies the allegations contained in ¶22 and demands strict proof thereof.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

23. CELEBRATION denies the allegations contained in ¶23, and specifically denies those allegations contained in sub-paragraph a. through k., and demands strict proof thereof.

24. CELEBRATION denies the allegations contained in ¶24 and demands strict proof thereof.

### COUNT III – NEGLIGENCE
*As to Defendant, Celebration Cruise Line Management LLC d/b/a Celebration Cruise Line*

25.-32. CELEBRATION states that pursuant to an agreement with Plaintiffs Counsel Matthew Kaplan, CELEBRATION CRUISE LINE, LLC and CELEBRATION CRUISE LINE MANAGEMENT, LLC will be dismissed from this action so no answer is necessary. Moreover, CELEBRATION states that ¶'s 25 through 32 are not directed towards this Defendant, therefore CELEBRATION makes no answers to ¶'s 25 through 32. However, to the extent that any allegations in ¶'s 25 through 32 can be construed as to be against CELEBRATION, CELEBRATION specifically denies those allegations, and demands strict proof thereof.

**WHEREFORE**, Defendant, CELEBRATION CRUISE OPERATOR, INC., hereby requests that this Honorable Court dismiss Plaintiff's Amended Complaint as it fails to state a cause of action for which relief can be granted, and requests this Court grant any other relief it may deem just and proper.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, Defendant, CELEBRATION CRUISE OPERATOR, INC. states as follows:

1. As its First Affirmative Defense, Defendant alleges Plaintiff's First Amended Complaint fails to state a cause of action for which relief may be granted.

2. As its Second Affirmative Defense, Defendant alleges Plaintiff's claims are timed barred by the applicable contracts, statute of limitations and/or equitable doctrine of laches.

3. As its Third Affirmative Defense, Defendant alleges Plaintiff's damages were caused either in whole or in part by his own negligent acts or omissions, and that such negligent acts and/or omissions, including but not limited to the failure to exercise reasonable care for his own safety, were the sole and proximate cause of any and all injuries or damages as alleged in the Amended Complaint, and as such, the Plaintiff's right to recovery is either barred or, without admitting liability, an award, if any, shall be reduced pursuant to the doctrine of Comparative Negligence.

4. As its Fourth Affirmative Defense, Defendant alleges that no dangerous condition existed that caused or contributed to Plaintiff's alleged incident.  Alternatively, if the dangerous condition described in Plaintiff's Amended Complaint did exist, Defendant alleges the Plaintiff failed to observe an open and obvious condition; and it was the negligence of the Plaintiff in failing to use his own senses, which gave rise to the alleged accident and any alleged injury arising there from, and therefore Plaintiff cannot recover for the alleged accident.

5. As its Fifth Affirmative Defense, Defendant alleges without admitting liability, that Plaintiff's damages were caused either in whole or in part by the acts and/or omissions of third persons, for whom Defendant is not responsible and that amount to a superseding cause that cuts off any causal connection between Defendant's alleged negligence, if any, and Plaintiff's injuries.

6. As its Sixth Affirmative Defense, Defendant alleges there is no cause of action as Defendant had no actual or constructive notice of any dangerous condition(s). Moreover, as Defendant had no actual or constructive notice of any dangerous condition, Defendant had not duty to warn.

7. As its Seventh Affirmative Defense, Defendant alleges without admitting liability, that Plaintiff's own acts of negligence amount to a superseding cause that cuts off any causal connection between Defendant's alleged negligence, if any, and Plaintiff's damages.

8. As its Eighth Affirmative Defense, Defendant alleges without admitting liability, upon information and belief that the injuries alleged by the Plaintiff in the Amended Complaint were pre-existing. Therefore Defendant cannot be held liable for such injuries, as they would have been inevitable worsened. Alternatively, if Plaintiff was injured as alleged, such injuries extend only to an aggravation of the pre-existing conditions.

9. As its Ninth Affirmative Defense, Defendant alleges without admitting liability, that upon information and belief Plaintiff failed to mitigate his damages, or alternatively, Plaintiff mitigated his damages, and therefore, any damages award should be reduced accordingly.

10. As its Tenth Affirmative Defense, Defendant alleges without admitting liability, that it is entitled to a set-off for any and all monies paid on behalf of Plaintiff towards his treatment and medical care as well as any monies received from collateral sources.

11. As its Eleventh Affirmative Defense, Defendant alleges that Plaintiff's Amended Complaint falls within the Court's Admiralty and Maritime jurisdiction and accordingly, Plaintiff is not entitled to a jury trial.

12. As its Twelfth Affirmative Defense, Defendant alleges without admitting liability, that the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

13. As its Thirteenth Affirmative Defense, Defendant alleges and invokes the terms and conditions of the cruise ticket contract upon which Plaintiff alleges he boarded the vessel and asserts that Plaintiff's action is subject to the limitations, terms and conditions contained therein. Defendant adopts and incorporates the entirety of the cruise ticket contract in this Answer by reference.

14. As its Fourteenth Affirmative Defense, Defendant alleges that the terms and conditions of the cruise ticket contract upon which Plaintiff alleges he boarded the vessel, did not provide for a jury trial, and accordingly, the Plaintiff's demand for jury trial should be stricken.

15. As its Fifteenth Affirmative Defense, Defendant alleges that upon information and belief Plaintiff failed to seek timely and/or appropriate medical

treatment for the injuries alleged in the Amended Complaint, which failure exacerbated any injury and any damages award must be reduced accordingly.

16.   As its Sixteenth Affirmative Defense, Defendant alleges the alleged tort occurred on navigable waters and as such, the general maritime law of the United States applies, to the exclusion of any state law of the United States.

The Defendant, CELEBRATION CRUISE OPERATORS, INC., reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

**WHEREFORE,** Defendant CELEBRATION CRUISE OPERATORS, INC., demands this Honorable Court dismiss this action with prejudice and enter judgment in its favor, awarding cost and such other and further relief this Court deems just and proper.

    Respectfully submitted,

/s/   Robert M. Oldershaw
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
roldershaw@hamiltonmillerlaw.com
Florida Bar No.: 86071
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone:   305-379-3686
Facsimile:   305-379-3690
Attorneys for Defendants

CASE NO. 11-61308-CIV-ZLOCH/ROSENBAUM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Robert M. Oldershaw
Robert M. Oldershaw

## SERVICE LIST

| | |
|---|---|
| Matthew E. Kaplan, Esq. | Jerry D. Hamilton, Esq. |
| mkaplan@kaplanfreedman.com | jhamilton@hamiltonmillerlaw.com |
| Kaplan and Freedman, P.A. | Robert M. Oldersahw, Esq. |
| 9410 S.W. 77th Avenue | roldershaw@hamiltonmillerlaw.com |
| Miami, Florida 33156 | Hamilton, Miller & Birthisel, LLP |
| Telephone: 305-274-7533 | 150 S.E. Second Avenue, Suite 1200 |
| Facsimile:  954-763-1000 | Miami, Florida 33131 |
| Counsel for Plaintiff | Telephone:   (305) 379-3686 |
| | Facsimile:    (305) 379-3690 |
| | Counsel for Defendants |