UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61308-CIV-SCOLA/ROSENBAUM

DWAYNE JONES,

      Plaintiff,

v.

CELEBRATION CRUISE OPERATOR, INC.,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Objections and Motion to Quash Subpoena Duces Tecum Intended to Be Served on Dr. Santiago Figuereo [D.E. 38] ("Plaintiff's Motion"). The Court has reviewed Plaintiff's Motion, all filings in support thereof, and in opposition thereto. After careful consideration, the Court now grants in part and denies in part Plaintiff's Motion for the reasons set forth below.

### *I. Background*

This lawsuit arises out of injuries that Plaintiff Dwayne Jones allegedly suffered during the course of taking a cruise operated by Defendant Celebration Cruise Operator, Inc. ("Celebration"). According to the Amended Complaint, after Jones entered his cabin onboard the cruise, an air-conditioning vent fell from the ceiling, striking Jones in the head and back and causing him to collapse. *See* D.E. 4 at ¶ 13.

During the course of discovery in this case, Jones's[1] counsel sent Celebration an e-mail attaching a magnetic resonance imaging ("MRI") report for an MRI performed on Jones after this litigation began. *See* D.E. 39-2, D.E. 39-3. In the e-mail, counsel stated, in relevant part,

> Mr. Jones recently underwent an MRI which revealed a progressive worsening of his disk at L4/L5 and L5/S1 when compared to the initial MRI taken in May 2011. Attached please find the MRI report documenting the changes. He now has a left paracentral disc herniation and annular fissure which displaces the left S1 nerve root which was not present on the initial MRI in May 2011. As a result of these findings, Mr. Jones is now a surgical candidate.

D.E. 39-2. After receiving the MRI and e-mail, Celebration served on the records custodian for Dr. Santiago Figuereo, who prescribed the MRI but did not perform it, a subpoena *duces tecum* for essentially all records relating to Jones. *See* D.E. 38-1; *see also* D.E. 40 at ¶ 2 (stating that the MRI was performed and read by Dr. Frederick Hartker, M.D.).

In response, Jones filed the pending Motion, seeking to quash the subpoena on the basis that Dr. Figuereo is, at this time, a non-testifying, consulting expert in the case, not a testifying expert or a treating physician. *See* D.E. 38. As Jones explains Dr. Figuereo's role, Jones retained Dr. Figuereo "to review Plaintiff's medical records and imaging studies, and perform a medical examination of the Plaintiff." *Id.* at ¶ 2. According to Jones, "Dr. Figuereo was retained by Plaintiff in this case in anticipation of litigation," *id.* at ¶ 8, and Dr. Figuereo's examination of Jones "was at the request of his attorneys and not for purposes of treatment." D.E. 40 at 2. With respect to the MRI in particular, Jones asserts that the MRI "was taken at the request of Dr. Figuereo so that he could review the MRI as a consulting expert in this matter regarding Plaintiff's current medical condition and if requested after being disclosed as an expert witness render expert testimony in the

---

[1] *See* William Strunk, Jr., & E.B. White, *The Elements of Style* 13 (4th ed. 1999).

above matter." *Id.* at ¶ 3.

Celebration challenges Jones's characterization of Dr. Figuereo's role, suggesting that Dr. Figuereo is actually a treating physician. *See* D.E. 39 at 2. In support of this hypothesis, Celebration notes that Dr. Figuereo prescribed the MRI and that following the MRI, Jones is now described as a "surgical candidate." Because Dr. Figuereo is a treating physician, Celebration argues, Dr. Figuereo's records are subject to subpoena. *Id.* Alternatively and additionally, Celebration contends that even if Dr. Figuereo's records otherwise might have been protected as a non-testifying, consulting expert, Jones waived any protection by producing the MRI as evidence that he is now a "surgical candidate." *Id.* at 2-3.

Upon review of the pending Motion and Response, the Court entered an order directing Jones to file a notice stating "whether Dr. Figuereo advised Plaintiff that he is a surgical candidate or otherwise suggested treatment of any type to Plaintiff."[2] *See* D.E. 42 Plaintiff complied with the Court's order and stated in his notice that "an Independent Medical Examination of the Plaintiff was performed by Dr. Figuereo at the request of Plaintiff's counsel. As Plaintiff's consulting expert, Dr. Figuereo advised Plaintiff that he recommends Plaintiff undergo a L4-S1 decompressive discectomy and fusion." *See* D.E. 43.

## *II. Discussion*

Rule 45(c)(3)(A)(iii), Fed. R. Civ. P., instructs courts to "quash or modify a subpoena that: requires disclosure of privileged or other protected matter, if no exception or waiver applies. . . ."

---

[2]Originally, the Court set the matter for a hearing, *see* D.E. 41, but counsel for Celebration was not available for a ten-day period because of a death in the family. In an effort to facilitate the prompt resolution of the pending Motion, the Court vacated the Order setting hearing and instead directed Jones to file the notice described above. *See* D.E. 42.

Thus, the Court considers the Federal Rules of Civil Procedure as they regard privileged and protected materials pertaining to expert witnesses:

> Ordinarily, a party may not, by interrogatories or deposition, discovery facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. . . [except] (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D). Under this rule, the work and opinions of a non-testifying, consulting expert is protected and usually not discoverable.

On the other hand, the protections of Rule 26(b)(4) are specifically limited to those experts

> who have been retained or specially employed by the party but who are not expected to be witnesses. . . . [T]he subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Fed. R. Civ. P. 26(b)(4), Notes to 1970 Amendments. Thus, while Rule 26(b)(4) protects the information of an expert whose sole involvement in the case is as a specially retained consulting, non-testifying expert, the provision "repudiate[s] the few [pre-Rule 26(b)(4)] decisions that have held an expert's information privileged simply because of his status as an expert." *Id.* (citations omitted). As at least one commentator has remarked, "There is a legitimate concern that a party may try to immunize its employees who are actors or viewers against proper discovery by designating them experts retained for work on the case. . . . [C]ourts should be exceedingly skeptical when employees who have otherwise discoverable information are designated 'experts.'" 8A Charles Alan

Wright , Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure*, § 2033 (3d ed. 2010).

Indeed, other courts in this circuit have observed, "[I]t is possible for a witness to wear two hats: one as a specially employed expert in anticipation of litigation and one as an ordinary witness." *Caribbean Owners' Ass'n, Inc. v. Great American Insurance Co. of New York*, 2009 WL 499500 *1, 2 (S.D. Ala. 2009) (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 235 F.R.D. 703 (M.D. Fla. 2006), and citing *In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990)) (internal quotation marks omitted). When that happens, some of the information that the expert holds may be protected, while other such information may be subject to disclosure.

With this in mind, this Court addresses the question of whether Dr. Figuereo's records contain any information that fairly could be viewed as having been acquired as a factual witness, and, thus, subject to disclosure. The Court finds that they do. Here, although Plaintiff contends that he hired Dr. Figuereo as a non-testifying, consulting expert only, during the course of Dr. Figuereo's examination of Plaintiff, Dr. Figuereo appears to have recommended a proposed treatment different from that of any of Plaintiff's prior health providers. In engaging in that particular activity, Dr. Figuereo ceased acting solely as a non-testifying, consulting expert and took on the role of a treating physician. As a result, any information on which Dr. Figuereo relied in proposing the possibility of surgery for Plaintiff became a subject of factual discovery, unprotected by Rule 26(b)(4).

Moreover, even if the Court were to find that Dr. Figuereo's proposed treatment were covered by Rule 26(b)(4), extraordinary circumstances and waiver each independently would mandate disclosure of any records Dr. Figuereo may possess on which he relied in concluding that Plaintiff should consider surgery. To explain why, the Court turns to *In re Asbestos Products*

*Liability Litigation (No. VI)* ("*In re Asbestos Litigation*"), 256 F.R.D. 151 (E.D. Pa. 2009). In that case, the physicians who issued diagnosing reports or opinions that the plaintiffs in that case produced during the course of litigation moved to quash document subpoenas that were served on them. In support of the motions, the doctors asserted that they were non-testifying, consulting experts whose information was protected under Rule 26(b)(4). The court disagreed, explaining,

> [T]he only evidence of the scope and nature of Plaintiff's injuries are the reports made by [the doctors] in the course of their screening examinations of Plaintiffs. These diagnostics constitute the Doctors' opinion as to whether the Plaintiffs they examined were afflicted with asbestos related disease or malignancy. Without the Doctors' opinions, the diagnostic reports are meaningless. By producing and relying upon the opinion of the Doctors, the Plaintiffs have, de facto, designated the Doctors as expert witnesses in this case. Plaintiffs, having produced and relied upon the opinions of [the doctors] in this litigation, cannot now claim that [the doctors] are non-testifying experts entitled to the consulting expert privilege under Rule 26(b)(4)(B).

*In re Asbestos Litigation*, 256 F.R.D. at 156. While the court did not label the theory under which it ordered disclosure, the court's reasoning shows that it took into account both "extraordinary circumstances" under Rule 26(b)(4) and waiver.

This reasoning dictates the same outcome here. Just as the screening doctors in *In re Asbestos Litigation* were the only witnesses to have issued an opinion regarding the plaintiffs' afflictions, the only evidence in this case that a doctor has prescribed surgery as a treatment course comes from Dr. Figuereo. This fact qualifies as an "extraordinary circumstance[]." In *Caribbean Owners' Association*, for instance, in relation to events occurring before the litigation in *Caribbean Owners' Association*, the plaintiff hired Greg Smith to inspect its building to determine why it was leaking and to develop a solution to the building's problems. 2009 WL 499500 (S.D. Ala. Feb. 20,

2009). Smith's inspection occurred before Hurricane Ivan allegedly hit the plaintiffs' property. Subsequently, the plaintiff decided to retain Smith as an expert witness in litigation occurring before *Caribbean Owners' Association*. As a result, Smith's reports were produced, and he was deposed. Then the litigation in *Caribbean Owners' Association* occurred. In that later litigation, the plaintiff initially identified Smith as a testifying expert in *Caribbean Owners' Association* and produced Smith's reports from the earlier lawsuit. Shortly thereafter, however, the plaintiff withdrew Smith's designation as a testifying expert and sought to protect from deposition the information that he possessed.

The court denied the plaintiff's motion to quash Smith's deposition. In so holding, the court assumed that Smith was hired as a non-testifying, consulting expert but determined that "extraordinary circumstances" required his deposition. More specifically, the court noted that the condition of the building at issue before and after the hurricane formed a central matter in the case, and Smith had information about the pre-hurricane condition that could not be replicated. Consequently, the court denied the motion to quash the deposition of Smith.

Just as Smith had information that no one else held in *Caribbean Owners' Association*, Dr. Figuereo has made a treatment determination that no one else in this case appears to have reached. Accordingly, extraordinary circumstances justify disclosure of any documents on which he relied in coming to this course of proposed treatment.

And, even if extraordinary circumstances did not warrant disclosure, significantly, the e-mail from Plaintiff's counsel stating that Plaintiff is now a surgical candidate, placed Dr. Figuereo's diagnosis and proposed treatment at issue in this case, which seeks damages for injuries Plaintiff allegedly suffered as a result of the incident aboard the cruise ship. Plaintiff cannot simultaneously

rely upon Dr. Figuereo's proposed treatment in quantifying Plaintiff's damages and wield the protections of Rule 26(b)(4) to prevent discovery of the basis for that opinion.  *Cf. Volpe v. US Airways, Inc.*, 184 F.R.D. 672 (M.D. Fla. 1998); *Kallas v. Carnival Corp.*, 2008 WL 2222152, *5 n.1 (S.D. Fla. May 27, 2008) (citing *Pitney Bowes, Inc. v. Mestre*, 86 F.R.D. 444 (S.D. Fla. 1980)); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 230 F.R.D. 508, 516 (N.D. Ill. 2005); *Granite Partners L.P. v. Bear Stearns & Co.*, 184 F.R.D. 49, 55 (S.D.N.Y. 1999)); *GAB Business Servs., Inc. v. Syndicate 627,* 809 F.2d 755, 762 (11th Cir. 1987); *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007); *Peterson v. Wallace Computer Servs.,Inc.*, 984 F. Supp. 821 (D. Vt. 1997).

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Quash [D.E. 38] is **GRANTED IN PART and DENIED IN PART**.  By **April 4, 2012**, Dr. Santiago Figuereo shall provide all documents responsive to the subpoena duces tecum, which Dr. Figuereo considered in prescribing surgery as a potential course of treatment for Plaintiff.  The subpoena shall be quashed in all other regards.

**DONE** and **ORDERED** this 26th day of March, 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Robert N. Scola, Jr.
      Counsel of Record